UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:20 CR 64 |
| ) | |
| DENZEL PAYNE ) | |

## OPINION and ORDER

This matter is before the court on defendant's motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (DE # 51.) For the reasons set forth below, the motion is granted.

After defendant pleaded guilty to being a felon in possession of a weapon as charged in Count 2 of the indictment, the court sentenced defendant to 84 months imprisonment and a term of supervised released of 2 years. (DE # 43.) Defendant's term of imprisonment was at the low end of the applicable sentencing guidelines range of 84 to 105 months. (PSR ¶ 89.) At the time of his original sentencing, defendant's criminal history category was V. (*Id.*)

On November 1, 2023, Amendment 821 to the federal sentencing guidelines took effect. Amendment 821 altered § 4A1.1 of the guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. It also created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

Both parties agree that Amendment 821 functions to reduce defendant's criminal history category to IV, and the court concurs. (DE # 56 at 4, 6; DE # 51 at 1-2.) The parties also properly agree that, under Amendment 821, defendant's advisory guidelines range is 70 to 87 months. (*Id.*) Nonetheless, Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted" in light of Amendment 821. *Id.* app. note 1(B)(i).

The Government argues that the court should take notice of defendant's disciplinary infractions since he has been incarcerated. (DE # 56 at 6-7.) Specifically, defendant has been cited for being in an unauthorized area, fighting with another inmate, and possessing a dangerous weapon. (DE # 56-1.) The Government urges the court to infer a threat to public safety which should weigh against reducing defendant's sentence any lower than the original 84-month sentence. (DE # 56 at 6-7.) Even though an 84-month sentence would be at the higher end of the amended guidelines range, the Government argues, an 84-month sentence is still within that range and remains the appropriate sentence. (*Id.*)

Defendant argues that he was originally sentenced to the low end of the then-applicable guidelines range, and that he should receive a sentence at the low end of the amended guidelines range given the effects of Amendment 821. (DE # 59.) Defendant argues that he has been sufficiently disciplined by the BOP for the three disciplinary infractions; specifically, he was fined $50 and lost 41 days good time credit for

2

possessing a shank, and he lost 27 days of good time credit for the fighting incident. (DE # 56-1.)

The court has considered the amended guidelines range of 70 to 87 months as a "starting point and . . . initial benchmark." *Peugh v. United States,* 569 U.S. 530 (2013). The court further notes that defendant pleaded guilty to a serious offense – possessing a firearm as a felon – for which a period of incarceration is no doubt appropriate, but it should also be considered that defendant did not harm any person in the commission of this offense. Defendant's criminal history involves resisting law enforcement, domestic battery, robbery, and dealing in synthetic substances. This history of societal wrongs is worth consideration, but does not convince the court that moving to the high-end of the amended guidelines is warranted. As for defendant's disciplinary infractions while incarcerated, these incidents indicate that defendant has not entirely changed his ways. However, it is also noteworthy that defendant has been appropriately disciplined by the BOP through a fine and loss of good time credit.

After balancing all of the factors in this case, the court finds that an amended sentence near the low end of the amended advisory guidelines is appropriate in this case. Though the court could sentence defendant to a term as low as 70 months, the court concludes that a term of 72 months properly serves the interest of providing justice for defendant's prior wrongs while acknowledging that defendant has continued to demonstrate lack of respect for law and order post-conviction. A term of 72 months also provides sufficient deterrence, to both defendant and others, for the crime at issue, but is not greater than necessary.

For all of these reasons, defendant's motion for a reduction in sentence pursuant to Amendment 821 is **GRANTED**. (DE # 51.) Defendant's sentence is reduced to a period of 72 months, with all other terms and conditions of the original sentence remaining intact.

                                **SO ORDERED.**

Date: April 25, 2024

                                s/James T. Moody
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT